Good morning, Your Honor. This is Stephen Harris, Counsel for Appellant. What I'd like to emphasize in my argument is that both sides appear to have a point of agreement in this case, which is that Judge Reel didn't properly analyze the self. So I don't think it's necessary to belabor that, really, because both sides come to the same conclusion, and I think it's obvious from the nature of the ruling. Just on the basis of that agreement alone, why shouldn't we just send it back and get a ruling? Well, frankly, that's my opinion, and that's why I decided to bring the appeal, because there was never a proper ruling. There was just a statement without any backup or any analysis, and it's very difficult, then, to find a way to ever justify what Judge Reel did. Let me ask a slightly different question. Assuming that you have got standing to argue that, then you also ask for the court to go further than that and to address some other orders that the court entered. Correct. I don't understand how you have the ability to pursue anything on the merits, given the fact that you have settled the individual claim that your client had. I understand that argument. My position would be that whether you can plead certain claims or whether an ex parte was properly granted or denied, those are procedural issues that don't relate to the merits, just like the class certification order is a procedural issue. But if your ruling was that you reversed Judge Reel's ruling on the settlement, then those other issues don't need to be addressed. Those are raised in the event that I wasn't successful in the main argument. Okay, that's helpful. I have another question, and that is, is the settlement agreement, is your client's settlement, was it effective, paid, is he out of here? Well, a portion of the settlement was paid, but not all of it, because there was a portion that was contingent upon him getting approval of the class action settlement. Yeah, sure, but I mean the Part 2A was paid. Right. And since the court denied the class certification under the terms of the settlement agreement, there was no right to any further payment. That's correct, but if the denial is reversed, then there would be a right. That's what I'm asking. So your position is, if the denial of certification is just sent back, that is, it's vacated out, your settlement agreement is still effective, you were still paid for under 2A, but your ability to collect under 2B would still be out there? Yes. Okay, thank you. And I'd also like to emphasize that both parties cited a number of cases about the issue of whether we would have the ability to pursue this appeal on the class certification issue, and I think those cases are adequately brief, but I would like to refer to one additional case, which is Richards v. Delta Airlines, which is a district court circuit case of 2006, 453 F3rd, 525, 528-529. If you could just give a gum sheet to the clerk, that would be helpful. Yes, I will. Did you say that was a district court case or a circuit court case? District of Columbia Circuit, sorry, 2006. Wait a minute. It was a case filed within the jurisdiction of the District of Columbia Circuit? Yes. But it was a district court case. It's not a D.C. Circuit case, right? No, a D.C. Circuit case. It is a D.C. Circuit case. I thought you said a district court. Sorry, I apologize for that. 453 F3rd, 525, 528-529, and that case summarizes the cases that have found situations where... That's that 2006 case, right? Right. Wasn't that already cited in your brief? I don't think that one was cited in the brief. I checked the brief, and the reason I'm bringing it up here is it sort of summarizes cases on both sides, and I think it does so in a very effective way and explains, as long as the class action is still out there, if there's just a settlement... That's if the person maintains a personal stake in the class action, right? Correct. Maintains a stake in the class action, not necessarily in their own individual claim. Correct. So I think that's the case here, and... Because? Because there's still an interest in obtaining certification of the class, obtaining approval of the settlement, that Mr. Naruse would get additional compensation upon a final approval of a class action settlement, that there's still an issue with attorney's fees and costs, that, you know, as a fiduciary, he has an obligation to pursue claims on behalf of the class. All those would give him an interest sufficient to permit him to have a stake in the class issues. So that's, you know, the primary issue I wanted to address today. And at any other time, like three minutes or so, I'd like to reserve for rebuttal, unless there's any other questions about any other... One other one, and that is if we are, I assume, from your point of view, to disregard your attempt to get a dismissal of the action, which wasn't acted on, best I can tell. Well, I think it wasn't acted on because on the docket... Because it had been JS 6 for some inexplicable reason, but anyway, it was. And then after that, you filed what would have been a dismissal of the entire action, which arguably manifests the intent that the entire action be dismissed, not just your individual, your client's individual interest. Well, I think the intent behind that was to get something that could be appealed from, that basically would reflect the court's ruling that it was denying the approval of the settlement. Well, yeah, but if the entire action is dismissed, there's a parade of circuits that would say a dismissal of an entire action without reservation of the right to appeal, the adverse class certification issue renders the controversy moot, period. Well, but that was never agreed to as part of the settlement, and that's certainly not the intent of the order I submitted, nor that it was just a resolution of the controversy at that point, because the court had said it wasn't going to certify a class that said it wasn't going to approve the settlement. There was an effort to then document that so that there would be a proper appeal. But the court did not sign that. No, and the court just on the docket had indicated that the action was terminated, so I frankly thought that that was a sufficient judgment to appeal from since it's reflected on the docket. But again, since a class certification order is interim until there's a final disposition, it can't be appealed. So that was my intent in trying to submit that order. Is there any other questions? I just want to be sure I understood your answer to Judge Reimer's question. Do you agree that we don't have any jurisdiction to determine whether the district court erred on its interlocutory order regarding the meal and rest break claims? Well, my position on that is that that's a procedural issue which you could determine because it really doesn't relate to the merits of the settlement. But it's not a final judgment, is it? Where's the interlocutory basis for our considering something like that? Well, because the action was terminated as a result of the entry on the docket sheet, so that would be a final disposition and any interim ruling could be considered. But if we do what you, I think, are asking, which is that we either certify this matter subject to a fairness hearing and send it back to the district court, which would revivify the class action portion of it, then presumably these matters would be up again before the district court, would they not? I agree, and it wouldn't be necessary. So there's really no statute that gives us jurisdiction to consider that matter. Now, I mean, if the whole thing's gone, I understand why you would say we would be hearing it. But if you are successful in your argument and it's going to go back to the district court, then we have no basis for considering any of these other interlocutory matters, do we? I agree, yes. Let me just rephrase it to clarify here. Are you saying that these interlocutory or the procedural orders that you were also appealing, you're appealing individually because your individual claim was finally adjudicated? No, I was not saying that. No, you're not saying that. No, I'm not saying that. Okay. So you're simply equating those procedural rulings with the denial of the class action as a procedural thing that survives dismissal of your individual claim. Correct. Okay. Thank you. Okay. Thank you very much for your time. Appreciate it. May it please the Court, my name is Stephen Allison. I represent the appellees, Charter Communications, Falcon Telecable, and Interlink Communication Partners, who I'll refer to as Charter collectively. I want to go right to what I think is the key issue, at least that's in dispute between the parties, and which Your Honors have talked about already with my opponent, which is the fact that there's no jurisdiction here. And we submit that there's no jurisdiction for a very important, and I think reason that's clear from when you look at the individual settlement, and it is that Mr. Nehru does not have any continuing personal interest. Well, wait a minute. Counsel just indicated that he has a, you know, his potential interest in the attorney fees if the class were certified. He has the injunction issue. Those are two things that are going forward. It seems to me the reality is that the Ninth Circuit doesn't have any precedent on this, but the D.C. Circuit, the Eleventh Circuit, the Fourth Circuit, and the Eighth Circuit hold that if an individual class representative dismisses his or her own lawsuit but has a continuing interest, that is sufficient to have the class continue. Do you disagree with any of that? I don't disagree that that's the statement of the law in those cases. I think that the application of that law here is where I have a disagreement with counsel. Again, in this case, if you look at the settlement agreement, obviously much of it is boilerplate, but it does send, it carves out, it carves out things related to the class. I'm looking specifically at paragraph 2A1I and 2I. In each case it says, aside from those related to Nehru's class allegation and recoverable pursuant to the court's approval of terms of the class action stipulation settlement and release. That's 2A and 2AI and 2AII. When you look at B, he's got this potential third check of $20,000 if the class is certified. But when you look at the actual release itself, it refers to Nehru's, for himself, his successors, all of the individual aspects, but nothing about the class. So why does he not retain a continuing personal interest in this just on 2B alone? Well, because 2B addresses the situation of what happens if the class settlement is not approved, which is exactly the situation we find ourselves in. And we drafted it specifically to address that. And what it says is it says, toward the end of it it says, if that situation occurs, then the consideration that is paid into 2AI and 2 is to be considered consideration for all of his claims, including whatever claims he could have, that additional payment he could have gotten as part of the class. So it kicks in there and then it releases that. And then it goes on to say, and very clearly says, that again, if this happens, that he then forever releases and relieves Charter, and I'm going to read, and it says, on behalf of himself or as part of the putative class, and here's the key phrase, and agrees he would not be entitled to any further recovery of any kind from Charter. Could hardly have been drafted more broadly. Does he have the authority, without the permission of the court, to bind the putative class as to that 2B portion of the settlement? And I'm not suggesting that he is binding the putative class. I'm suggesting that he is releasing absolutely everything he could have. And what the cases that Your Honor cited talk about is, is that in those circumstances, the Walsh case probably being the most close to this when I may be Potter, in those circumstances where you release all of your individual claims, you no longer have a personal stake to continue to appeal the denial of the class certification. Whether in, and this is speculation, and it was in those cases too, whether there's some other member of the putative class who could come in and intervene and assert their rights is something that's open for possibility. And we acknowledge that in this circumstance, we do not have a release from the entire putative class. We only have a release from Mr. Bruce. But what happened in this case, Judge Reimer mentioned the fact that Judge Reil had not followed the normal rules and this sort of thing. You both seemed to agree upon that. He didn't explain things, so he's not entitled to the normal deference and so on. So, in fact, if the case goes back on that basis, then 2B is still up in the air, isn't it? In the sense that you don't know one way or another whether the class is going to be certified. Well, we would assert that the releases were clear, that if the court, and I referred to the district court, failed to certify and approve the class, that the releases then kicked in. But the one by the Apple concept, as far as you're concerned, let's say that Judge Reil just got up on the bench and said, I don't like today, it's got smoke out, I deny this. Is that enough? Well, I mean, I would again agree that that's... That's even more than he did. It's a bit less. We structured this settlement for the reason that we made a substantial payment, my client made a substantial payment to Mr. Maroos, and was concerned about the very situation where Mr. Maroos would take that substantial payment and then continue to litigate against my client. That was the circumstance that we were attempting to avoid. I respect that. I guess the problem that Judge Reimer and I are wrestling with here is, here you have a situation where the district judge didn't do what would normally be required. Under our rules, there's an ability to appeal. And I guess what I'm trying to understand from Charter's perspective is, why would 2B kick in yet? Because the reality is you both agree the judge needed to do something more. So an effective ruling has not yet been made, therefore 2B is still out there in some ways. Is that a reasonable construction of that document? Well, I think it's fair to say that the document doesn't address precisely this precise point. So in this case, there's an ambiguity. And if there's an ambiguity in where he's talking about representing a class of people, shouldn't our construction be one which would argue that at least for purposes of the class, he has an individual right, the possibility of getting an additional $20,000, assuming that there's a new bite at the apple on the putative class before Judge Reil. There may be a new bite at the apple for all of those class members. What I'm suggesting is Mr. Nowruz does not have another bite at the apple. But let's just say, again, you end up. We've headed back to Judge Reil, and he likes the smoke. And he says, I am approving this class, and we're going to have a fairness hearing, but I'm approving it. Then his client would be entitled to at least the additional $20,000. Would he not under that construction? I don't agree that that's the construction of the agreement. Right. And so for those reasons, I think that he does not have a continuing personal stake similar to the plaintiffs in Potter and Walsh and the other cases. What does the last sentence in 2B mean? Because it says, after all the stuff that you've said, which it says, does Nowruz further understands and acknowledges his obligations as a claim representative as specified in the joint stipulation and release related to the complaints class action and representative claims? Isn't that, in effect, a recognition that his obligations as a class representative still exist, apart from the individual settlement of his individual claims? He certainly existed, and we had agreed that he would be bringing a motion for approval in front of Judge Reil. There was no doubt about that. If that's so, then, and if he's still alive enough to have done that, then why isn't he alive enough to be able to pursue on appeal denial of the class certification? Because there were subsequent events, and the subsequent event was he then dismissed. His individual claims. Well, if you look at the settlement agreement, it actually, in paragraph 5. I'm looking at what was filed. I'm sorry. I apologize, Your Honor. No, I know what he released. He released the world. Right. And he said that he would dismiss all of his claims. And he did. His own individual claims. But if you, at least as I read Garrity and Roper and a lot of other cases, it really turns in whether the dismissal has to do with just individual claims or whether it has to do with the action. And that he will survive if his intent was only to dismiss the individual claims. Well, I would suggest, Your Honor, that, for example, in the Potter case, there was, there they dismissed only the individual claims. And in the settlement agreement said, we're not, the defendants agreed not to challenge mootness and attempted to reserve the right to appeal. And the Eighth Circuit, despite that, said. Well, you can't agree to it. I mean, there's no question. No, I agree. But what I'm suggesting is there is that the parties attempted to keep it down to the individual claims. And the Eighth Circuit said, under their reading of the precedents, that that still was not sufficient to provide the class plaintiff there, the named plaintiff, withstanding to appeal. So I think that a semantic distinction between whether to use the words individual or class is not really what the case is getting at. You have to look at what is in fact being released and what is the breadth of the release. And we, I submit, we attempted here to put together a release that was as broad as it could be, allowing for the possibility of the class to be approved by Judge Reel, in addition to the individual claims being adjudicated, excuse me, the individual claims being settled. The one other point on jurisdiction, two quick other points on jurisdiction that I wanted to raise. I won't belabor the point about whether there's jurisdiction over the interlocutory, the other interlocutory issues. I think that the cases are clear that the fact that you may have jurisdiction over the denial of the class certification motion doesn't then give you jurisdiction over whatever other merits determinations there may or may not have been met. I think actually Garrity and Roper both talk about that. I also think that the Seidman case from this Court talks about the fact that if you have a voluntary dismissal, you can't appeal a voluntary dismissal. And, in fact, that's what he did on all of his individual claims. Well, then you get Jordan, which more or less reads the settlement agreement the other way. So, I mean, in this case, why is this case not closer to Jordan, where it actually just turns on how you interpret the settlement agreement? Well, I think that there's, even if you're in the Jordan world, when you interpret the settlement here, he clearly settled his individual claims. I think there's little doubt about that. I haven't really heard them to be suggesting otherwise. So I think that you don't have jurisdiction over those other merits determinations. I also believe, by the way, that they probably are interlocutory, and there was no request here for a 1292 interlocutory review of those particular interlocutory orders. It's very questionable whether we have a judgment here, and I realize there's a pragmatic approach to finality, but I think we may all be in agreement that it's a bit ambiguous what the district court did on that regard. But I do think that there's no jurisdiction over those other interlocutory. It sounds like you're asking us to cross the River Jordan. Well, yeah, I suppose I am. One last point, and again, this does go somewhat to the question of whether there's a judgment here. If, in fact, there is not a final judgment here, and we alluded to this briefly in our footnote in our reply brief, there would have had to have been a request for review of this denial of class certification under 23F. There was no such request was made that certainly I'm aware of, and no such request was granted. So unless this Court finds that, in fact, there was a final judgment of some sort here, which I don't believe there was, I think there's another jurisdictional problem. So I think there's several jurisdictional problems that you have to get to. Well, yeah, I understand that. Why wouldn't there be a final judgment? I mean, I don't know what he did either, but he denied the class certification, so he's saying there's no class aspect here. And then he gets a dismissal of all of Nowruz's individual claims, and he says, two plus two is four, I'm going to J6 this thing, which is an administrative closure. Basically, this thing is over. Here's what I think he was doing, and I actually think it is defensible. He gets the class certification motion and denies it, okay? Normally, that would not be the end for the case, and from his perspective, there's still the individual claims. Then he gets a dismissal from the individual claims, signs off on that dismissal. From Judge Reel's perspective, there's nothing left for him to adjudicate. Well, that's what I was just saying. So why at least if we're interpreting the district court's intent in entering the J6 closure, why wouldn't we interpret it as being final? He was through with this rascal. Yeah, but he thought he was through with it because it was voluntarily dismissed, and normally you don't have an appeal from a voluntary dismissal. So why would you enter a judgment? I mean, he presented Judge Reel with a judgment that he refused to sign. I mean, it's in the record. Is that some indication of intent? By whom? By Judge Reel. Is that the negative pregnant of his mind? It's the best I can read it as to what he was doing. But to sum up, we don't believe there's jurisdiction for the reasons that we've stated, over either the denial of class certification or over the other interlocutory orders. If, in fact, however, the court finds jurisdiction over the denial of class certification, we do agree that the appropriate remedy here would be to send it back to Judge Reel to clarify his prior order. Thank you, Your Honor. Thank you, Judge. Just real briefly, as to the intent of the release, you turn to page 5. It says in the first full sentence, as part of the release, however, Nehru's agrees that he's waiving the right to monetary damages or other individual legal or equitable relief awarded as a result of any such proceeding. Nehru's further acknowledges that this release also releases charter for all claims of unpaid wages, including unpaid overtime wages, related to his employment with charter and subject to the terms specified in paragraph 2 of this agreement, which again goes back to 2A and 2B and that Mr. Nehru's is releasing individual claims but not class claims. That's very clear here. Since the scope of the release was limited to individual claims and the dismissal was limited to Mr. Nehru's individual claims, when the court administratively got rid of the case, that was a final disposition, which supports this appeal and again supports reversal of what Judge Reel did just because he didn't do his job and at least the smoke maybe will clear from his eyes the next time we're down there and he'll actually analyze this case and give us some kind of principled ruling. Maybe. Maybe. But I'm hoping for that. Are there any other questions? Not a legal one. I suppose as a practical matter, there's nothing that could be mediated here because you've still got to have a fairness hearing. I mean, you both agree on the ñ I mean, this is what's so kind of ridiculous about this whole thing. I mean, you agree on the class certification for settlement purposes and on the settlement, but you'd have to have a fairness hearing, right? Correct. And there's no way, yeah, no matter what. All right. Thank you, Your Honor. Thank you both. Thank you. Thank you for your time. And we'll next hear argument on Wolfe v. The City of Anaheim.
judges: Rymer, Smith, Korman